## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| SEAN COLEMAN, | ) |
| | ) |
| Plaintiff, *pro se*, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No. 8:24-cv-01968-LKG

Dated: June 27, 2025

### MEMORANDUM OPINION

### I.    INTRODUCTION

In this civil action, the Plaintiff *pro se*, Sean Coleman, brings claims for damages and injunctive relief against the Defendant, the Internal Revenue Service (the "IRS"), arising from certain collection actions taken by the IRS related to his tax liabilities.  ECF No. 1.  The Defendant has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1).  ECF Nos. 41 and 41-1.  The Plaintiff has also moved for summary judgment on his claims, pursuant to Fed. R. Civ. P. 56.  ECF No. 26.  These motions are fully briefed.  ECF Nos. 26, 41, 43 and 44.  No hearing is necessary to resolve the motions.  L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 41); **DENIES** the Plaintiff's motion for summary judgment (ECF No. 26); and (3) **DISMISSES** the complaint.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

In this civil action, the Plaintiff brings claims for damages and injunctive relief against the IRS, arising from certain collection actions taken by the IRS for his tax liabilities.  *See generally* ECF No. 1.  As relief, the Plaintiff seeks, among other things, that the Court: (1) declare the IRS's actions unlawful; (2) order the IRS "to cease and desist from taking further unlawful actions against [him];" (3) "issue a directive to the IRS to release the liens imposed under 26 U.S.C. § 6324(b);" and (4) award him damages.  *Id.* at Prayer for Relief.

<u>The Parties</u>

Plaintiff Sean Coleman is a resident of the State of Maryland.  *Id.* at 1.

Defendant IRS is a federal agency responsible for carrying out the responsibilities of the Secretary of the Treasury to administer and enforce the internal revenue laws.  *See About IRS*, https://www.irs.gov/about-irs (last visited June 27, 2025).

<u>Background</u>

As background, the IRS has taken several collection actions against the Plaintiff related to his tax liabilities for the 2020 and 2022 tax years.  ECF No. 1 at 4-5.  Specifically, the Plaintiff's claims in this case arise from certain collection actions taken by the IRS for the following matters: (1) a gift tax return filed for the 2020 tax year (the "2020 Gift Tax"); (2) a gift tax return filed for the 2022 tax year (the "2022 Gift Tax"); and (3) an income tax return filed for the 2022 tax year (the "2022 Income Tax").  ECF No. 1 at 4-6.  These collection actions are summarized below.

<u>The 2020 Gift Tax Return And Levy</u>

On April 15, 2021, the Plaintiff filed a 709 United States Gift (and Generation-Skipping Transfer) Tax Return for the 2020 tax year.  ECF No. 41-3 at ¶ 5 (Hoeltzel Decl.); ECF No. 1 at ¶ 4.1.  The IRS assessed the Plaintiff a federal tax liability in the amount of $156,561 based upon this tax return.  ECF No. 41-3 at ¶ 6.

On December 6, 2021, the IRS sent the Plaintiff a letter notifying him that the IRS intended to issue a levy for this outstanding tax liability.  *Id.* at ¶ 7.  The IRS also filed a notice

---

[1] The facts recited herein are taken from the complaint, the Plaintiff's supplement to the complaint, the Defendant's motion to dismiss and the attachments thereto.  ECF Nos. 1, 4, 41-1, 41-3 and 41-4.  Unless otherwise stated, the facts are undisputed.

of federal tax lien based upon the 2020 Gift Tax liability.  ECF No. 41-1 at 2; *see* ECF No. 1 at ¶ 4.1.

On December 28, 2021, the Plaintiff timely requested a Collection Due Process hearing ("CDP").  ECF No. 41-3 at ¶¶ 8-9.  On March 17, 2022, an IRS appeals officer sent a letter to the Plaintiff, which acknowledged that the IRS Appeals Office had received the Plaintiff's request for a CDP hearing regarding his 2020 Gift Tax liability.  *Id.* at ¶¶ 9 and 11-12.  This letter also provided a list of additional documents that the IRS was requesting from the Plaintiff related to the 2020 Gift Tax.  *Id.* at ¶ 12.  The IRS appeals officer also scheduled a telephonic conference to be held on April 7, 2022, and provided the Plaintiff with the instructions on how to schedule a face-to-face CDP hearing.  *Id.* at ¶ 10.

The Plaintiff did not appear for the April 7, 2022, telephonic conference, or provide the additional documents requested by the IRS.  *Id.* at ¶ 13.  And so, the IRS appeals officer sent the Plaintiff a letter providing the Plaintiff with a second opportunity to schedule a CDP hearing.  *Id.* at ¶ 14.

The IRS did not receive any further communication from the Plaintiff.  *Id.* at ¶ 15.  Given this, the IRS issued a notice of determination regarding the 2020 Gift Tax on June 8, 2022.  *Id.* at ¶ 16.  The notice of determination states that: (1) an intent to levy notice had been properly issued; (2) the IRS has received no response from the Plaintiff regarding his CDP hearing; and (3) the proposed levy action is sustained.  *Id.* at ¶ 17.  The notice of determination also informed the Plaintiff of his right to appeal this notice to the United States Tax Court within 30 days.  *Id.* at ¶ 18.

The Plaintiff did not appeal the notice of determination.  *Id.* at ¶ 20.  And so, on June 27, 2024, the IRS issued a levy for the 2020 Gift Tax.  ECF No. 41-5 at 5; *see also* ECF No. 4-11 (Plaintiff's receipt of a notice of the levy).[2]

The 2022 Gift Tax Return and Lien

On April 15, 2023, the Plaintiff filed a 709 United States Gift (and Generations-Skipping Transfer) Tax Return for the 2022 tax year.  ECF No. 41-4 at ¶ 5.  The IRS assessed a federal tax liability in the amount of $220,080 based upon this return.  *Id.* at ¶ 6.

---

[2] At some point in time, the Plaintiff received a certificate of release of federal tax lien, dated January 30, 2022, regarding a lien for the 2020 Gift Tax.  ECF No. 4-1.

On January 31, 2024, the IRS filed a notice of federal tax lien regarding the 2022 Gift Tax. *Id.* at ¶ 15; *see* ECF No. 1-1 at 9-10. On February 9, 2024, the IRS sent the Plaintiff a letter providing the Plaintiff with notice that the IRS intended to issue a levy for the $244,319.98 for the 2022 Gift Tax. ECF No. 41-4 at ¶¶ 7-8. The letter also provided the Plaintiff with information on how to appeal the intended collection action either through a CDP hearing or an "Equivalent Hearing" with the IRS Office of Appeals. *Id.* at ¶ 7. On February 13, 2024, the IRS sent the Plaintiff a notice of federal tax lien filing and a right to a hearing with regard to the lien. *Id.* at ¶ 9. This notice required the Plaintiff to request a CDP hearing by March 22, 2024. *Id.*

On March 4, 2024, the IRS received the Plaintiff's timely request for a CDP hearing regarding the 2022 Gift Tax. *Id.* at ¶ 10. The IRS subsequently stayed this CDP hearing, pending the resolution of this litigation. *Id.* at ¶¶ 12-13. The IRS maintains that it has not issued a levy related to the 2022 Gift Tax. *Id.* at ¶ 14.

The 2022 Income Tax And Lien

Lastly, on March 28, 2024, the IRS issued a notice of a federal tax lien in the amount of $32,309.60 related to certain unpaid income taxes for the 2022 tax year. ECF No. 4-7. The IRS also issued a notice of intent to levy the outstanding 2022 Income Tax. ECF No. 4-8.

In addition, the IRS assessed a $5,000 civil penalty related to the 2022 Income Tax. *See* ECF No. 1-1 at 19. The IRS maintains that the Plaintiff has an ongoing Equivalent Hearing with the IRS Appeals Office challenging the 2022 Income Tax and civil penalty and that the IRS has not levied any assets related to the 2022 Income Tax. ECF No. 41-1 at 3.

The Plaintiff's Allegations

The Plaintiff is proceeding in this case without the assistance of counsel and the complaint is somewhat difficult to follow. *See generally* ECF No. 1. The Court reads the complaint to generally challenge the aforementioned collection activities by the IRS. *Id.* at 4-6.

In this regard, the Plaintiff alleges that the 2020 Gift Tax and 2022 Gift Tax are improper, because his gift tax returns were subject to a lifetime gift tax exemption, which offsets any gift tax liabilities. *Id.* at ¶ 4.1. And so, the Plaintiff contends that the IRS recklessly or intentionally, or by reason of negligence, disregarded the applicable provisions of the Internal Revenue Code when assessing these gift tax liabilities. *Id.* at ¶ 5.1.

In addition, the Plaintiff alleges that the IRS violated the agency's procedures by continuing its collection actions before the conclusion of his CDP hearing. *Id.* at ¶ 4.6. And so,

the Plaintiff further contends that the IRS denied him the opportunity to address the liens assessed against him through the proper channels.  *Id.*

Lastly, the Plaintiff alleges that the lien assessed against him for the 2020 Gift Tax was released, as evidenced by a certificate of lien release that he received from the IRS.  *Id.* at ¶ 4.1; ECF No. 4-1.  And so, the Plaintiff also alleges that the IRS violated the agency's procedures by failing to release the lien.  *See* ECF No. 1 at ¶ 5.1.

**B.  Procedural History**

The Plaintiff commenced this matter on July 9, 2024.  ECF No. 1.  On July 18, 2024, and August 2, 2024, the Plaintiff filed supplements to the complaint.  ECF Nos. 4 and 10.

On February 4, 2025, the Plaintiff filed a motion for summary judgment, and a memorandum in support thereof, pursuant to Fed. R. Civ. P. 56.  ECF No. 26.

On April 7, 2025, the Defendant filed a motion to dismiss, and a memorandum in support thereof, pursuant to Fed. R. Civ. P. 12(b)(1), and a response in opposition to the Plaintiff's motion for summary judgment.  ECF No. 41.  On April 10, 2025, the Plaintiff filed a response in opposition to the Defendant's motion to dismiss and a reply brief.  ECF No. 43.  On April 17, 2025, the Defendant filed a reply brief.  ECF No. 44.

These motions having been fully briefed, the Court resolves the pending motions.

**III.  LEGAL STANDARDS**

**A.  Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case."  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

In this regard, the United States Court of Appeals for the Fourth Circuit has explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists.  *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg &*

*Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).  Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Id.* (citation omitted).  And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction.  *Davis*, 367 F. Supp. 2d at 799.

### B.  The Anti-Injunction Act

The Anti-Injunction Act ("AIA") provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421(a).  The Supreme Court has held that the language in the AIA "could scarcely be more explicit," reflecting its goal of protecting "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference."  *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974).  And so, pursuant to the AIA, "a person can typically challenge a federal tax only after he pays it, by suing for a refund."  *CIC Servs., LLC v. IRS*, 593 U.S. 209, 212 (2021) (citing *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 543 (2012)).  The Fourth Circuit has also observed that the "effect of the [AIA] is simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes."  *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003); *see also Sigmon Coal Co. v. Apfel*, 226 F.3d 291, 299 (4th Cir. 2000) ("The Act has two primary objectives: 'efficient and expeditious collection of taxes with a minimum of pre-enforcement judicial interference, and protection of the collector from litigation pending a refund suit.'" (citation omitted)).

### C.  Tax Collection Damages Claims

Title 26, United States Code, Section 7432 provides a claim for civil damages if "any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer."  26 U.S.C. § 7432(a).  Upon a finding of liability, the plaintiff is entitled to damages "in an amount equal to the sum of . . . actual, direct economic damages sustained by the plaintiff which, but for the actions of the defendant, would not have been sustained."  *Id.* at § 7432(b)(1).  A damages action under Section 7432 cannot be sustained "unless the court determines that the plaintiff has exhausted the

6

administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.* at § 7432(d)(1).

In this regard, a plaintiff must exhaust their administrative remedies by submitting "an administrative claim . . . in writing to the district director (marked for the attention of the Chief, Special Procedures Function) in the district in which the taxpayer currently resides or the district in which the notice of federal tax lien was filed." 26 C.F.R. § 301.7432-1(f). The administrative claim "shall" include the following information:

 (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

(ii) A copy of the notice of federal tax lien affecting the taxpayer's property, if available;

(iii) A copy of the request for release of lien made in accordance with § 401.6325-1(f) of the Code of Federal Regulations, if applicable;

(iv) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

(v) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

(vi) The dollar amount of the claim, including any damages that have not yet been incurred but that are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

(vii) The signature of the taxpayer or duly authorized representative.

*Id.* at § 301.7432-1(f)(2).

Title 26, United States Code, Section 7433 also provides a claim for damages, for actions "in connection with any collection of Federal tax with respect to a taxpayer," where "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title." 26 U.S.C. § 7433(a). Upon a finding of liability in such suits, "the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of - (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee . . . ." 26 U.S.C. § 7433(b)(1).

Under Section 7432, the Court must also first "determine[] that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.* at § 7433(d)(1). To exhaust the applicable administrative remedies for Section 7433 damages claims, a plaintiff must first file an administrative claim with the IRS, including a form that contains the following information:

(i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

(ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

(iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

(iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

(v) The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e)(2)(i)-(v). And so, a plaintiff's claim for damages under Section 7433 is generally limited to the amount "of the administrative claim filed" with the IRS. *Id.* at § 301.7433-1(f).

## IV.    ANALYSIS

The Defendant has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1), upon the grounds that: (1) the AIA bars the Plaintiff's claims for injunctive relief and (2) the Plaintiff fails to establish a waiver of sovereign immunity to pursue his claims for damages under 26 U.S.C. §§ 7432 and 7433. ECF No. 41 at 4-6. And so, the Defendant requests that the Court dismiss the complaint. *Id.* at 6.

The Plaintiff counters that the Court should not dismiss this matter, because: (1) the AIA does not bar his damages claims; (2) the IRS's certificate of lien release renders the Defendant's arguments for dismissal moot; (3) his failure to participate in the CDP hearing does not invalidate his claims; (4) the unified tax credit eliminates his gift tax liability; and (5) he has fully exhausted administrative remedies. ECF No. 43 at 7-10. And so, the Plaintiff requests that the Court deny the Defendant's motion to dismiss. *Id.* at 10.

The Plaintiff has also moved for summary judgment on his claims, pursuant to Fed. R. Civ. P. 56, upon the grounds that the undisputed material facts in this case show that: (1) the IRS violated 26 U.S.C. § 6330 by imposing a levy prior to the conclusion of his CDP hearing for the 2020 Gift Tax; (2) the IRS improperly failed to release a lien in violation of 26 U.S.C. § 6325 with regards to the 2022 Gift Tax; (3) the IRS engaged in unauthorized collection actions in violation of 26 U.S.C. § 7433; and (4) he is entitled to compensatory, emotional and statutory damages for the harm suffered due to the improper liens and levies. ECF No. 26 at 3-5. And so, the Plaintiff requests that the Court grant his motion for summary judgment and direct the IRS to release the liens, fines and penalties placed on his estate. *Id.* at 5.

For the reasons set forth below, the Plaintiff has not met his burden to show that the Court possesses subject-matter jurisdiction to consider his claims for injunctive relief, because the AIA bars such claims. The Plaintiff also fails to show that he has exhausted his administrative remedies before commencing this matter, with regards to his damages claims. And so, the Court: (1) GRANTS the Defendant's motion to dismiss (ECF No. 41); (2) DENIES the Plaintiff's motion for summary judgment (ECF No. 26); and (3) DISMISSES the complaint.

### A. The Anti-Injunction Act Bars The Plaintiff's Claims For Injunctive Relief From IRS Collection Actions

As an initial matter, the Defendant persuasively argues that the Plaintiff's claims for injunctive relief are barred by the AIA. The AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Supreme Court has held that the language in the AIA "could scarcely be more explicit," reflecting its goal of protecting "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference." *Bob Jones Univ.*, 416 U.S. at 736. Given this, "a person can typically challenge a federal tax only after he pays it, by suing for a refund." *CIC Servs., LLC*, 593 U.S. at 212 (citing *Sebelius*, 567 U.S. at 543). And so, the "effect of the [AIA] is simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes." *Judicial Watch, Inc.*, 317 F.3d at 405; *see also Sigmon Coal Co.*, 226 F.3d at 299 ("The Act has two primary objectives: 'efficient and expeditious collection of taxes with a minimum of pre-

enforcement judicial interference, and protection of the collector from litigation pending a refund suit.'" (citation omitted)).

Here, the complaint makes clear that the Plaintiff is asserting claims for injunctive relief to restrain the assessment or collection of taxes. ECF No. 1 at ¶¶ 5.1 and 6.1. Given this, the AIA bars these claims, unless the Plaintiff can show that an exception to this bar applies in this case.

The Plaintiff argues that an exception to the AIA's bar applies here, because 26 U.S.C. § 6330 requires the IRS to suspend any levy actions "if a [CDP] hearing is requested." *See* ECF No. 26 at 4; *see also* 26 U.S.C. § 6330(e)(1) ("Notwithstanding the provisions of section 7421(a), the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court, including the Tax Court."). The Plaintiff also argues that Section 6630 provides an exception to the AIA, because the IRS assessed a levy for the 2020 Gift Tax before the conclusion of his CDP hearing. *See* ECF No. 26 at 4. But, the unrebutted evidence before the Court shows that the IRS imposed the levy for the Plaintiff's 2020 Gift Tax after the conclusion of the CDP hearing and subsequent appeals process. *See* ECF No. 41-3 at ¶¶ 9-13. Notably, the evidence shows that the Plaintiff failed to appear for a telephonic conference with the IRS to schedule his CDP hearing and that the Plaintiff did not re-schedule the CDP hearing or appeal the notice of determination against him to the United States Tax Court. *Id.* at ¶¶ 9-18. Given this, there is no genuine dispute that the IRS assessed the levy for the 2020 Gift Tax after the conclusion of the Plaintiff's CDP hearing. And so, section 6330 does not provide an exception to the jurisdictional bar under the AIA.[3]

It is also undisputed that the Plaintiff has requested hearings to challenge the liens issued by the IRS for the 2022 Gift Tax and 2022 Income Tax and that no levies have been assessed by the IRS for these tax liabilities. ECF No. 41-4 at ¶¶ 10-13; ECF No. 41-1 at 4. And so, the

---

[3] The Plaintiff's argument that the AIA does not bar his claims here, because he received a certificate of lien release for the 2020 Gift Tax, is also unpersuasive. *See* ECF No. 43 at 3 and 8-9. A certification of lien release "shall be conclusive that the lien referred to in such certificate is extinguished." 26 U.S.C. § 6325(f)(1)(A). But, a "certificate of release is not conclusive proof that the liability is extinguished." *Hoyle v. C.I.R.*, 136 T.C. 463, 474 (T.C. 2011) ("The underlying tax liability that is the subject of the [lien] remains until the tax is paid in full or the period of limitations on collection expires." (citing 26 C.F.R. § 301.6325-1(a)(1))).

Plaintiff cannot rely on the request for a CDP hearing to support the application of Section 6330 to his claims challenging the liens. *See* 26 U.S.C. § 6330(e)(1).

Because the unrebutted evidence before the Court shows that the Plaintiff's claims for injunctive relief are barred by the AIA, and the Plaintiff has not identified an exception to that bar that could apply to this case, the Court does not possesses subject-matter jurisdiction to consider these claims. *See* 26 U.S.C. § 7421(a). And so, the Court DISMISSES the Plaintiff's claims for injunctive relief. *See* Fed. R. Civ. P. 12(b)(1).

### B. The Plaintiff Has Not Exhausted Administrative Remedies For His Damages Claims

The Court must also dismiss the Plaintiff's damages claims, because the Plaintiff has failed to show that he administratively exhausted these claims. Title 26, United States Code, Sections 7432 and 7433 permit claims for civil damages against IRS officers or employees who act negligently, recklessly or intentionally when enforcing certain provisions of the Internal Revenue Code. *See* 26 U.S.C. §§ 7432(a) and 7433(a). To bring such claims, the Plaintiff must first exhaust his administrative remedies. 26 U.S.C. §§ 7432(d)(1) and 7433(d)(1). To do so, the Plaintiff must submit an administrative claim, including certain required information related to the claim, to the appropriate IRS district or regional director. *See* 26 C.F.R. § 301.7432-1(f)(1) (Exhaustion requirements for claims brought under Section 7432); 26 C.F.R. § 301.7433-1(e)(2)(i)-(v) (Exhaustion requirements for claims brought under Section 7433). But, the Plaintiff has not set forth sufficient evidence to show that he has exhausted his administrative remedies for his damages claims in this case. ECF No. 1-3.

Notably, the Plaintiff does not allege in his complaint that he has exhausted his administrative remedies through the appropriate procedures. *See* ECF Nos. 1 and 4; *see also* ECF No. 43-2. The Plaintiff contends in his response in opposition to the Defendant's motion to dismiss that he submitted an administrative claim related to his damages claims to the IRS on February 28, 2024. ECF No. 43 at 3. But this argument is unsubstantiated, because the only proof that the Plaintiff provides to show that he submitted an administrative claim to the IRS is a certified mail receipt dated for February 28, 2024. ECF No. 43-2. This receipt neither identifies the contents of the mailing, nor where the mail was sent. *See* ECF No. 43-2. Given this, the Plaintiff simply fails to provide sufficient evidence to the Court to show that he has exhausted administrative remedies for his damages claims, as required under Sections 7432 and 7433. *See* 26 U.S.C. §§ 7432(d)(1) and 7433(d)(1); *see also* 26 C.F.R. § 26 CFR § 301.7432-1(e)(2) and 26

C.F.R. § 26 CFR § 301.7433-1(f)(2).  And so, the Court must also DISMISS the Plaintiff's damages claims for want of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).[4]

## V.    CONCLUSION

In sum, the Plaintiff has not met his burden to establish the Court's subject-matter jurisdiction over his claims.  And so, for the foregoing reasons, the Court:

(1) **GRANTS** the Defendant's motion to dismiss (ECF No. 41);

(2) **DENIES** the Plaintiff's motion for summary judgment (ECF No. 26); and

(3) **DISMISSES** the complaint.

A separate Order shall issue.


**IT IS SO ORDERED.**


s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[4] Because the Court concludes that it does not possess subject-matter jurisdiction over the Plaintiff's claims, the Court must also DENY the Plaintiff's motion for summary judgment.  *See* ECF No. 26.